IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNIVERSAL TRANSDATA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DEERBROOK ELECTRONICS, LLC,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. _____<br><br>**Jury Trial Demanded** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff UNIVERSAL TRANSDATA, LLC ("Universal" or "Plaintiff") files this Complaint for Patent Infringement against Defendant DEERBROOK ELECTRONICS, LLC ("Deerbrook" or "Defendant"), and states as follows:

## **THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 3930 E. Jones Bridge Road, Suite 140, Peachtree Corners, GA 30092.

2. Upon information and belief, Defendant DEERBROOK ELECTRONICS, LLC is a company organized under the laws of the State of Florida having a principal place of business at 1044 E. Brandon Boulevard, Suite 5, Brandon, FL 33511. Defendant's registered agent in the State of Florida is Joseph S. Sortor, 1044 E. Brandon Boulevard, Suite 5, Brandon, FL 33511.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285. As a result, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant on the grounds that Defendant operates, conducts, engages in, and/or carries on a business in this state and maintains an office or agency in this state, and/or has committed acts of patent infringement in this state, pursuant to Fla. Stat. § 48.193. Defendant has minimum contacts with the State of Florida, and Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida, including through maintaining a regular and established place of business in this judicial district, and through the sale and offer for sale of the Accused Products throughout the State of Florida and this judicial district at least through its website https://deerbrookelectronics.com, which is accessible throughout the United States. On information and belief, the Accused Products have been sold in the State of Florida and in this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has committed acts of infringement in this judicial district, and has a regular and established placed of business in this judicial district.

**FACTUAL BACKGROUND**

6. Plaintiff is the owner by assignment of all right, title and interest in and to United States Patent Number 7,028,114, entitled Universal Serial Bus Hub with Wireless

Communication to Remote Peripheral Device ("the '114 Patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the United States Patent and Trademark Office ("USPTO").

7. A true and correct copy of the '114 Patent is attached hereto as Exhibit A.

8. The application that became the '114 Patent was filed on August 4, 2000, and assigned U.S. patent application number 09/632,466 ("the '466 Application").

9. The '114 Patent issued on April 11, 2006, after full and fair examination by the United States Patent Office.

10. The '114 Patent is valid and enforceable.

11. The term of the '114 Patent extends through May 24, 2021.

12. The '114 Patent is directed to "a USB hub with capability to communicate with a plurality of remote wireless peripheral devices without the need to physically connect the peripheral devices to the hub via a cable connection."

13. The invention of the '114 Patent provides the further advantage of a simple hardware design due to the capability of communicating with multiple remote peripheral devices through a single radio-frequency receiver located on the USB hub.

14. Claim 1 of the '114 Patent claims:

> 1. A wireless system for operating a computer having a USB port comprising:
>
> a remote wireless peripheral device having a circuit for generating device information causing associated operations to be performed by the computer and an RF transmitter connected to said circuit for transmitting a wireless signal including said device information, said circuit and said RF transmitter being integral to said peripheral device, said RF transmitter being the sole means for communicating said device information from

said peripheral device, wherein said associated operations are not triggered by wireless telephony and said peripheral device not having any USB communication capability, said peripheral device being one of a keyboard, a mouse and a joystick; and

a Universal Serial Bus (USB) hub including an upstream USB port adapted to be connected to the computer, and a hub controller connected between said data reception circuit and said upstream USB port whereby when said upstream USB port is connected to the USB port of the computer and said peripheral device generates said wireless signal to said data reception circuit, said hub controller converts said wireless signal to a USB data signal and passes said USB data signal to said upstream port for causing the associated operations to be performed by the computer.

15. Claim 2 of the '114 Patent claims:

2. The wireless system according to claim 1 wherein said peripheral device is a keyboard and including a mouse having a circuit for generating device information causing associated operations to be performed by the computer and an RF transmitter connected to said circuit for transmitting a wireless signal including said device information, said circuit and said RF transmitter being integral to said mouse, said RF transmitter being the sole means for communicating said device information from said mouse and said mouse not having any USB communication capability, wherein said associated operations are not triggered by wireless telephony and said hub having means to distinguish between said keyboard wireless signal and said mouse wireless signal.

16. Claim 3 of the '114 Patent claims:

3. A wireless system for operating a computer having a USB port comprising:

a remote wireless peripheral device having a circuit for generating device information causing associated operations to be performed by the computer and an RF transmitter connected to said circuit for transmitting a wireless signal including said device information, said circuit and said RF transmitter being integral to said peripheral device, said RF transmitter being the sole means for communicating said device information from

said peripheral device, wherein said associated operations are not triggered by wireless telephony and said peripheral device not having any USB communication capability; and

a Universal Serial Bus (USB) hub including an upstream USB port adapted to be connected to the computer, and a hub controller connected between said data reception circuit and said upstream USB port whereby when said upstream USB port is connected to the USB port of the computer and said peripheral device generates said wireless signal to said data reception circuit, said hub controller converts said wireless signal to a USB data signal and passes said USB data signal to said upstream port for causing the associated operations to be performed by the computer.

17. Claim 4 of the '114 Patent claims:

4. The wireless system according to claim 3 wherein said data reception circuit further includes an RF receiver for receiving said wireless signal from said peripheral device.

18. Claim 5 of the '114 Patent claims:

5. The wireless system according to claim 4 wherein said data reception circuit further includes a signal discriminator connected between said RF receiver and said hub controller for receiving said wireless signal from said RF receiver and presenting said device information in said wireless signal to said hub controller.

19. Claim 6 of the '114 Patent claims:

6. The wireless system according to claim 5 wherein said hub controller further includes a serial interface engine connected to said signal discriminator for converting said device information into USB format to form said USB data signal.

20. Claim 9 of the '114 Patent claims:

9. A wireless Universal Serial Bus (USB) hub and remote wireless peripheral devices for communication with a computer having a USB port comprising: at least two remote wireless peripheral devices each having a circuit for generating device information related to operations performed by said peripheral device and an RF transmitter connected to said circuit for

transmitting a wireless signal including said device information, said circuits and said RF transmitters being integral to said peripheral devices, said RF transmitters being the sole means for communicating said device information from said peripheral devices, wherein said associated operations are not triggered by wireless telephony and said peripheral devices not having any USB communication capability, said at least two remote peripheral devices including a keyboard and a mouse;

a data reception circuit for receiving said wireless signals from said RF transmitters; an upstream USB port adapted to be connected to the computer;

and a hub controller connected between said data reception circuit and said upstream USB port whereby when said upstream USB port is connected to the USB port of the computer and said peripheral devices generate said wireless signals to said data reception circuit, said hub controller converts each of said wireless signals to a USB data signal and passes said USB data signal to said upstream port for communication of said device information to the computer for controlling operations of the computer.

21. Plaintiff notified Defendant of the '114 Patent and Defendant's infringement of the '114 Patent prior to filing this action.

## COUNT I – DIRECT PATENT INFRINGEMENT

22. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

23. Defendant has directly infringed at least claims 1, 2, 3, 4, 5, 6, and 9 of the '114 patent in violation of 35 U.S.C. § 271(a) by making, importing, using, selling, or offering for sale in the United States products that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

24. Defendant's infringing products include, without limitation, its OfficeTec Wireless Keyboard and Mouse Combo and other as-yet-unknown products that similarly satisfy each element of each asserted claim (collectively, "Accused Products").

25. The Accused Products satisfy each and every element of each asserted claim of the '114 Patent, as detailed in the preliminary claim chart attached hereto as Exhibit B, and incorporated herein by reference, either literally or under the doctrine of equivalents.

26. Defendant's infringing activities are and have been without authority or license under the '114 Patent.

27. Defendant has had actual knowledge of the '114 Patent and Plaintiff's claims of infringement prior to the filing of this action, at least since receiving pre-suit notice of the '114 Patent from Plaintiff.

28. Defendant's infringement of the '114 Patent has been, and continues to be, willful and deliberate.

29. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringing acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

30. Defendant's past and continuing infringement of the '114 Patent has irreparably harmed, and continues irreparably to harm, Plaintiff.

31. Defendant's infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT II – INDUCED PATENT INFRINGEMENT

32. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

33. Defendant has actively and intentionally, with prior knowledge of the '114 Patent and Plaintiff's claims of infringement, induced the direct infringement by others of at least claims 1, 2, 3, 4, 5, 6, and 9 of the '114 Patent in violation of 35 U.S.C. § 271(b), in making, importing, using, selling, or offering for sale in the United States Accused Products that embody the patented invention as described in Count I, above.

## JURY DEMAND

34. Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '114 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the claims of the '114 Patent;

C. An accounting and an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

D. That Defendant's infringement be found to be willful, and that the Court award enhanced damages pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deems just and proper.

This 4th day of June, 2018.

        AUSLEY MCMULLEN

        /s/Martin B. Sipple
        Martin B. Sipple
        Florida Bar No. 0135399
        Telephone: (850) 425-5315
        Email: msipple@ausley.com
        AUSLEY MCMULLEN
        123 South Calhoun Street
        Tallahassee, Florida 32301

        -and-

        Daniel A. Kent
          dankent@kentrisley.com
          Tel: (404) 585-4214
          Fax: (404) 829-2412
        Stephen R. Risley
          steverisley@kentrisley.com
          Tel: (404) 585-2101
          Fax: (404) 389-9402
        KENT & RISLEY LLC
        5755 N Point Pkwy Ste 57
        Alpharetta, GA 30022

        Attorneys for Plaintiff